20009.   COMMERCIAL INVESTMENT COMPANY *v.* HENDERSON
FURNITURE COMPANY.

JENKINS, P. J.   1. Where a tenant of a store building attached certain electric-light fixtures to the rented tenement, and thereafter entered into a lease contract with the landlord, by the terms of which it was agreed that all improvements that had been made upon the building, inside and out, should be permanent improvements, not removable by the tenant, and that the landlord accepted such improvements in full payment of rent for a stated period, the title to such light fixtures passed to the landlord.

2. A purchaser at a sale in bankruptcy acquires such title or interest as the bankrupt had, and nothing more. 7 C. J. p. 242, § 378. See also *Gray* v. *Martin,* 18 *Ga. App.* 460 (89 S. E. 540). Accordingly, where the tenant who had attached the electric-light fixtures referred to in the foregoing division of the syllabus to the building of the landlord, was, after the execution of such a contract and after the expiration of the period for which rent was paid by such sale of the fixtures, adjudged a bankrupt, his trustee in bankruptcy acquired no title to the fixtures, and a purchaser from the trustee at a bankruptcy sale of the property of the bankrupt likewise acquired no title to the same.

3. In the instant trover case, it appearing, without dispute, from the agreed statement of facts, that the property in dispute was sold to the plaintiff landlord by the tenant who had placed them in the building, and there being no sort of proof going to indicate that the landlord was present at, or had any knowledge of, the subsequent sale of the property by the trustee in bankruptcy of the tenant, and no proof of any other fact or circumstance such as would estop the plaintiff landlord from asserting his title as against the purchaser at the bankrupt sale, the judgment finding in favor of the defendant in trover was erroneous. *McLennan* v. *Graham,* 106 *Ga.* 211, 213 (32 S. E. 118); *Seaboard Air-Line Ry. Co.* v. *Holliday,* 165 *Ga.* 200, 205 (140 S. E. 507); *Campbell* v. *Hutcheson,* 23 *Ga. App.* 111 (97 S. E. 555). It is true that the agreed statement of facts under which the case was tried stipulated that "in said bankruptcy proceedings a trustee was duly elected and qualified for said bankrupt, and said trustee took possession of the assets of the bankrupt, and included in the property so taken and held by the trustee as assets of the bankrupt were the fixtures or property described in the plaintiff's petition," but there is nothing to indicate that the plaintiff ever surrendered possession of the disputed property to the trustee, and whatever the rule might be with respect to the principle of estoppel operating in a case where the owner of property knowingly allows and permits an adverse claimant to take actual possession of the property, and thereafter to sell it under his claim of right, there is

nothing in the instant case to suggest that the plaintiff even knew of the trustee's claim of title or of his claim of legal possession  The agreed statement of facts shows that the fixtures remained attached to the plaintiff's realty, and consequently were never taken actual possession of by the trustee and were never detached or removed from the plaintiff's building until the defendant, as purchaser from the trustee, and who had become the subsequent tenant of the premises from the plaintiff, sought to disconnect and remove them from the tenement upon the termination of his occupancy.

*Judgment reversed.   Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

404

*Hoyt H. Whelchel,* for plaintiff.