25292.   COMMERCIAL CREDIT COMPANY *v.* BRITT.

</div>

STEPHENS, J.  1.  A purchaser of property at a sale held pursuant to judicial process, acquires no title whatsoever to the property as against the true owner who was not a party to the proceedings, where the defendant in execution had no right, title, or interest whatsoever in the property but had therein only the mere right to the possession and use of the property.  This is true notwithstanding the seller may not have filed for record or had recorded the retention-of-title contract.

2. Where the purchaser of an automobile truck, title to which had been retained by the seller as security for the purchase-money, had loaned the truck to a third person for the purpose only of being driven by this person and this person had no right, title or interest whatsoever, either legal or equitable, in the truck, and where the truck, while it was in possession of this person, was levied on under a proceeding in attachment against him and was sold pursuant to these proceedings under a so-called "short-order sale" of property which is perishable or expensive to keep as provided in Code 1933, § 39-1203, a purchaser of the truck at this sale acquired no right, title, or interest whatsoever in the property as against the title of the seller which had been retained under a retention-of-title contract, where the seller had not in some manner become estopped from asserting his title.

3. In a suit in trover to recover for a conversion of a truck brought by the seller against a person who had purchased the truck at a short-order sale had pursuant to the attachment proceedings, where the evidence authorized a finding that the facts were as indicated in paragraph 2 above, a verdict for the plaintiff was authorized, and the court erred in directing a verdict for the defendant.

4. Any knowledge, if any, which the plaintiff may have had as to the pendency of the attachment proceedings against the truck before the truck was sold pursuant to the attachment, and any knowledge, if any, which the plaintiff may have had of the sale of the truck pursuant to the attachment proceedings and of its purchase at this sale by the defendant, or a failure of the plaintiff to file a claim to the property, does not, where it does not appear that the plaintiff's knowledge of the pendency of such attachment proceedings and the levy and sale of the property thereunder was communicated to the defendant, and where it does not appear that the defendant was by such knowledge and conduct of the plaintiff misled into the belief that the plaintiff was consenting to the sale at which the defendant bought the property, amount to an estoppel against the plaintiff to institute the proceedings in trover against the defendant.

5. An extra-judicial statement made by the defendant in the attachment to the effect that the truck belonged to him was mere hearsay and had no probative value as against the plaintiff as tending to establish any right, title or interest whatsoever in the truck in the defendant. It was error for the court to admit this testimony.

6. The court having erred in admitting the testimony referred to and in directing a verdict for the defendant, it was error to overrule the plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 8, 1936.

*Conyers & Gowen, Woodruff & Ward,* for plaintiff.
*Paul J. Varner,* for defendant.