26226. COMMERCIAL CREDIT COMPANY *v.* BRITT.

DECIDED MAY 15, 1937.

*Conyers & Gowen, Woodruff & Ward,* for plaintiff.
*Paul J. Varner,* for defendant.

SUTTON, J. This case has been here once before, and the decision of this court as reported in 53 *Ga. App.* 430 (186 S. E. 449), is controlling now, unless it was shown on the second trial that the plaintiff had become estopped from asserting his title to the truck in question. The only evidence introduced on the second trial, additional to that adduced on the former trial, was that the defendant testified: "After I took out an attachment against R. B. Sasser, which was levied on the truck in dispute, I received a telegram from the Commercial Credit Company of Raleigh, North Carolina. This is the telegram, and it reads: 'Have information you have possession of Ford truck motor No. 831814 left with you by Mr. Sasser. We hold retainer title to truck. Wire our expense why truck being held. Commercial Credit Company.' I wired Commercial Credit Company back that the truck would be sold on March 25th. Some time after that, but before the sale, I had a telephone call from somebody in Atlanta who said they were with Commercial Credit Company, and they asked about the car and again told me that they had a retainer title on it, and I told them that the car would be sold on the 25th of March, 1935. They didn't say much of anything over the telephone except that they had a balance due on the car and a retention-title contract. On March 25th the sheriff sold the car, and I bought it in at public outcry, and that was how I came [into] possession of the car." This telegram was dated March 21, 1935, and was introduced in evidence.

"The failure to file a claim to property which has been levied on will not estop the true owner from asserting his title by an action of trover against the purchaser at the sale under the execution, such owner having done nothing that had a tendency to mislead the purchaser as to the owner's relation to the property and the title." *Lawless* v. *Orr*, 122 *Ga.* 276 (50 S. E. 85). The evidence did not authorize a finding by the jury that the plaintiff had done anything before or at the sale to deceive or mislead the defendant in any way as to its relation to the property and its claim thereto, or that it was consenting for it to be sold; but, on the other hand, it showed that the plaintiff, before the sale, put the defendant on notice of its retention-title contract to the truck, and that a balance was still due thereon. Under the evidence and the former decision of this court in this case (supra), a verdict for the plaintiff was demanded.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*