GATES *v.* GATES.

DUCKWORTH, Justice. 1. The provisions of the Code, § 81-1301, that pleadings may be amended "at any stage of the cause," provided there is enough in the pleadings to amend by, can not be extended to allow an amendment after a judgment has been rendered thereon and has not been reversed or set aside. *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296, 302 (27 S. E. 975) ; *Cureton* v. *Cureton,* 120 *Ga.* 559, 566 (48 S. E. 162) ; *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 105 (88 S. E. 584) ; *Land Development Cor.* v. *Union Trust Co.,* 180 *Ga.* 785, 791 (180 S. E. 836).

2. Where an equitable suit was brought to set aside a verdict and decree of divorce, and the defendant filed a motion to dismiss the action because of alleged lack of jurisdiction in the court, in that proper service had not been had upon the defendant, the judgment overruling the motion terminated that proceeding. Accordingly, where after such judgment, and before a writ of error assigning error on the aforesaid judgment was brought to this court, which subsequently affirmed the judgment of the trial court, the defendant filed an amendment to the motion to dismiss, and attacked the jurisdiction of the court on the ground that neither of the parties was a resident of this State, the amendment, under the above-cited authorities, came too late, and the court did not err in overruling the motion.

*Judgment affirmed. All the Justices concur.*

No. 14744. FEBRUARY 9, 1944. REHEARING DENIED MARCH 9, 1944.

*George G. & LeRoy Finch* and *George F. Fielding,* for plaintiff in error.

*J. R. Thompson Jr.* and *Loren Bush Rockey,* contra.