35431. GENERAL ACCEPTANCE CORPORATION *v.* ANTHONY *et al.*

DECIDED JANUARY 28, 1955.

■■■

*Robert T. Efurd, Calhoun A. Long, Jr.,* for plaintiff in error.

*Paul B. Huckeby,* contra.

FELTON, C. J. The plaintiff in error insists only on ground 4 of the amended motion for new trial. The complaint is that the court erred in charging the jury the last paragraph of the following charge: "There are two elements of recovery: First, the fair market value of the automobile and, second, hire, if in your discretion, you determine to give hire. There is also a third element of recovery, which is interest. If you find the issues in favor of the plaintiffs and if you have determined the issues as to fair market value of the automobile and have gone on and determined the issue whether to allow hire or not, you would determine the date of the sale and, incidentally, that that was February 27, 1953, you would apply, from the date of the sale to the date of the trial, to the fair market value of the automobile the legal rate of interest, which is seven percent.

"In the event you have found, under my instructions, that the plaintiffs are entitled to recover because of the wrongful taking of the automobile by the defendant, the measure of damages would be the fair market value of the automobile, plus hire from October 21st or 22nd to February 27, 1953, in case you find hire in your discretion, plus interest at the legal rate of seven percent from February 27, 1953, to the date of this trial."

In a trover action, if a plaintiff elects to take a money verdict for the value of the chattel at the time of the conversion, he may further make an election of either hire or interest from that date to the date of the trial. *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 114 (1) (44 S. E. 980); *Smith* v. *Duke,* 6 *Ga. App.* 75 (2) (64 S. E. 292). He cannot recover hire and interest, nor can he recover a combination of hire and interest. The charge complained of authorized the jury to find hire from the date of conversion to the date the defendant disposed of the automobile and interest from the latter date to the date of the trial, and such charge was error. However, under the facts of the case it was harmless to the defendant. Actually, it harmed the plaintiffs. The plaintiffs had elected a money verdict for the value of the

automobile on the date of conversion plus hire. The only evidence as to the value of the automobile introduced by the plaintiffs was that the automobile was worth $1,200 on the date of its conversion. The evidence authorized the jury to find the reasonable hire to be $5 per day. Under the evidence a finding of $5 per day hire from the date of conversion to the date of the trial was authorized. However, the charge restricted the jury's finding as to hire to the interval between the date of conversion and the date the defendant disposed of the automobile, and allowed a finding of interest from that date to the date of the trial. Since the amount of hire recoverable under the evidence was much greater than the amount of interest recoverable, the charge restricted the jury's verdict to a sum less than that authorized by the evidence and was, therefore, harmless to the defendant.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*