·45916.   BENEFIELD v. PHOENIX FINANCE COMPANY.

HALL, Presiding Judge. Third-party claimant in a foreclosure upon an automobile appeals from a directed verdict for the lienholder and from the denial of its motion for a directed verdict and the dismissal of its cross claim.

The third-party claimant is a dealer who purchased the automobile in question from the first lienholder (Household Finance) after the debtor had voluntarily surrendered it. When the dealer received the certificate of title from Household Finance he discovered there was a second lienholder (Phoenix Finance). From this point on, the testimony is in conflict. The dealer said he called Household Finance to protest and asked it to procure a release of the second lien; that he also called Phoenix to request a release and that it promised to give one; and that on the strength of this promise, he made extensive repairs on the automobile (the basis of his cross claim). On direct examination the manager of Household Finance intimated that he notified Phoenix prior to the sale to the dealer (to inquire if it wanted to satisfy the first lien in order to participate in the sale, but he "didn't figure" it would because the value of the car was much less than the amount of the first lien). However, on cross examination, the Household Finance manager said he first notified Phoenix the day the dealer called to inquire about the second lien; and that Phoenix had agreed then, and on several later occasions, to release its lien. When nothing happened for several months, Household Finance told the dealer to apply for

a new title using only the release form executed by Household. (The new certificate discloses no security interests). The manager of Phoenix Finance testified that the first knowledge the company had of the automobile was months after the sale to the dealer when Household Finance called to ask for a release; that it had never heard from the dealer or promised him a release; that it had in fact refused to give a release to Household Finance; and that it promptly foreclosed upon the automobile on discovering its location.

To sustain a directed verdict for Phoenix, the evidence would have to demand a finding that (1) it had received no notice of the pending sale and (2) had not later waived any interest it might have in the automobile. While the evidence may demand the first finding, the evidence on the latter is certainly in conflict. The court therefore erred in directing a verdict for Phoenix.

However, while the court did not err in denying the dealer's motion for a directed verdict for the same reasons, it did err in dismissing the cross claim. Although it is undisputed that the dealer had notice of the Phoenix lien before commencing repairs, the same conflicting testimony on waiver could authorize the jury to find a waiver was made and these repairs were made in reliance upon it.

*Judgment reversed. Eberhardt, J., concurs. Whitman, J., concurs in the judgment.*

ARGUED JANUARY 13, 1971— DECIDED MAY 5, 1971—
REHEARING DENIED MAY 21, 1971.

*Scott Walters, Jr.,* for appellant.
*J. Norwood Jones, Jr., Lewis N. Jones,* for appellee.