## 46001. CHRISTOPHER v. McGEHEE.

BELL, Chief Judge. 1. Plaintiff brought this suit to recover on a breach of warranty which arose out of the contract of sale of an automobile. The plaintiff's motion for summary judgment was granted. The motion was supported and opposed by affidavits of both parties. It is undisputed that in June, 1969 plaintiff purchased the automobile from Johnson, a used car dealer. A contract of sale was executed between Johnson and plaintiff. The automobile along with the keys and an application for a new license tag were delivered to plaintiff. Several weeks later plaintiff, not having received the certificate of title as promised him by Johnson, made inquiry of the latter and learned at this time that the automobile was incumbered by a lien which was unpaid and past due. The lienholder then repossessed the auto-

mobile. It is also undisputed that Johnson the dealer was acting as the agent of the defendant at the time of the sale transaction, and that defendant was an undisclosed principal. According to the defendant's affidavit he delivered the automobile some months prior to the sale transaction with plaintiff, authorizing Johnson to obtain a purchaser of the vehicle and that Johnson after finding a purchaser was to contact the defendant in order that defendant could approve or disapprove the transaction. The plaintiff's affidavit concerning defendant's instructions to Johnson concerning the sale of the automobile is in direct dispute with that of defendant. Uniform Commercial Code § 2-403 (*Code Ann.* 109A-2—403) provides in pertinent part: "(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business. (3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." Thus it can be seen that defendant by placing the automobile in the hands of Johnson, a merchant who deals in automobiles, gave Johnson the power to transfer all his rights to the plaintiff, a buyer, in the ordinary course of business. The above provision of the U.C.C. as applied to the undisputed facts makes it clear that any limitation defendant placed upon the authority of Johnson is of no moment and not material to the issues. Turning now to the real gist of plaintiff's complaint, § 2-312 of the U.C.C. (*Code Ann.* § 109A-2—312) provides in part: "(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that (a) the title conveyed shall be good, and its transfer rightful; and (b) *the goods shall be delivered free from any security interest or other lien or incumbrance of which the buyer at the time of contracting has no knowledge.*" Knowledge of a fact is defined in the U.C.C. as actual knowledge. Uniform Commercial Code § 1-201 (25) (*Code Ann.* § 109A-1—201 (25)). Plaintiff in his affidavit denied that he had had actual knowledge that this automobile

had a prior lien lodged against it at the time of the purchase transaction. The lack of prior actual knowledge has not been controverted in any manner by defendant. No genuine issue of material fact as to any defensive matter has been shown. The grant of plaintiff's motion for summary judgment under these circumstances was proper.

2. After the entry of judgment for the plaintiff in this case and prior to the transmission and docketing of the record in this court, the defendant filed an amendment to his answer adding the defense of infancy. Later defendant filed a motion to set aside and vacate the judgment. The motion was denied. The amendment came too late. Section 15 as amended of the Civil Practice Act governs the subject of amending pleadings. *Code Ann.* § 81A-115. The provisions of § 15 cannot be extended to allow an amendment after a judgment has been rendered thereon which judgment has not been reversed or set aside. See *Gates v. Gates,* 197 Ga. 460 (29 SE2d 425). A further contention is made that it is apparent on the face of the record that the service of process upon the defendant is insufficient. This contention has no merit as this matter of defense was waived by the defendant's failure to raise this issue by a motion or in his original responsive pleadings. See § 12 (h) of the Civil Practice Act (*Code Ann.* § 81A-112 (h)). There was no error in overruling the motion to set aside and vacate the judgment.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED MARCH 1, 1971—DECIDED JUNE 24, 1971—
REHEARING DENIED JULY 21, 1971—

*Mackay & Elliott, Thomas W. Elliott,* for appellant.
*Curtis R. Richardson,* for appellee.