### 26793. CHRISTOPHER v. McGEHEE.

ALMAND, Chief Justice. After a further review and study of the application for the writ of certiorari in this case, we are of the opinion that the judgment of the Court of Appeals (124 Ga. App. 310 (183 SE2d 624)) was correct and we affirm.

*Judgment affirmed. All the Justices concur, except Felton and Hawes, JJ., who dissent.*

ARGUED NOVEMBER 9, 1971—DECIDED DECEMBER 2, 1971—REHEARING DENIED DECEMBER 17, 1971.

*Mackay & Elliott, Thomas W. Elliott,* for appellant.
*Curtis R. Richardson,* for appellee.

FELTON, Justice, dissenting. The majority opinion, in my

judgment, has just repealed the Motor Vehicle Certificate of Title Act. *Code Ann. Ch.* 68-4A (Ga. L. 1961, p. 68).

1. One purpose of the Act was to provide for one central filing office to avoid the necessity of a vehicle purchaser's having to search the records of 159 counties to ascertain the existence of liens, other encumbrances, and sales.

2. The main purpose of the Act, however, was to reduce or completely destroy the market in stolen vehicles. If the majority is right, the stolen car racket can go on and on. The Certificate of Title Act provides: ". . . no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with the provisions of this section." *Code Ann.* § 68-415a (d). *Code Ann.* § 68-421a (a) and (b) provides for the perfection of security interests and subsection (b) closes by providing: "[w]hen the security interest is perfected as provided in this subsection (b), *it shall constitute notice to everybody of the security interest of the holder.*" (Emphasis supplied.) The used car salesman, or dealer, disregarded the law by selling the appellant's automobile without a transfer of his title. The purchaser from him violated the same law. The salesman did not know whether appellant stole the vehicle or not. The purchaser, appellee, did not know whether the dealer stole it or purchased it from one who stole it. It is my opinion that the Motor Vehicle Certificate of Title Act forecloses an action such as is approved by the majority when the dealer and the purchaser from him seeks, in the eyes of the law, to procure a title to a vehicle without obtaining a written transfer of a title certificate from the owner. If one can still obviate obtaining a transfer of a title certificate from one who possesses a vehicle the road is still clear for the thieves. This law, I repeat, intends that the transfer of a title to a vehicle shall be in writing except as to a new vehicle, where another provision obtains.

I am authorized to state that Justice Hawes concurs in this dissent.