## 48151. COOPER v. CITIZENS BANK OF GAINESVILLE.
## 48152. PARTISS et al. v. CITIZENS BANK OF GAINESVILLE.

STOLZ, Judge. The appellee Florida bank had a perfected security interest on an automobile, evidenced by a promissory note, a security agreement, and a Florida Motor Vehicle Certificate of Title showing it as a lienholder as of 1968 in the principal amount of $3,956.37. In January 1970, the owner-obligor, Johnson, brought the vehicle into Georgia, where he rented an apartment in Fulton County. In April 1970, he defaulted on the bank's promissory note and on his rental payment. On April 21, 1970, appellant Tinsley, acting as agent of appellant Partiss, Johnson's landlord, swore out a distress warrant for rent against Johnson in the Civil Court of Fulton County. Pursuant thereto, Johnson's automobile was levied on and seized on May 6, 1970, and sold at a judicial sale on May 18, 1970 to appellant Cooper. On June 10, 1971, the lienholder bank brought this action against the landlord, Partiss, his agent, Tinsley, and the purchaser at the judicial sale, Cooper, to recover damages in the amount of its security interest, which was allegedly damaged by the

defendants. The defendants appeal from a judgment for the plaintiff. *Held:*

*Case No. 48152:* 1. "When a vehicle is subject to a security interest when brought into Georgia, and the name of the holder of the security interest is shown on an existing certificate of title issued by the jurisdiction where the vehicle was when the security interest attached, the security interest continues perfected in Georgia and is valid against subsequent transferees of the vehicle. Code Ann. § 68-421a (a), and (d) (2) (A)." *Kinder v. G. M. A. C.,* 117 Ga. App. 610 (161 SE2d 372). It was proved by a duly authenticated copy of the Florida law that the plaintiff had obtained in the foregoing manner a prior, perfected security interest in Georgia in the vehicle, which was superior to the purported interests of the defendants arising out of the subsequent judicial sale. Accordingly, the complaint stated a claim against defendants Partiss and Tinsley for their conversion of the automobile in which the plaintiff had a pre-existing, perfected security interest.

2. "The complaint in this case is a suit at law. The equitable doctrine of laches is not applicable to suits at law. *City of Albany v. Mitchell,* 81 Ga. App. 408 (2) (59 SE2d 37)." *Columbus Bank &c. Co. v. Dempsey,* 120 Ga. App. 5 (2) (169 SE2d 349). Therefore, even if this affirmative defense had been raised in the trial court, it would have no applicability in the case.

3. The measure of damages for the conversion of the automobile in which the plaintiff had a perfected security interest, was its market value at the time of the conversion. *Park v. Swann,* 20 Ga. App. 39 (3) (92 SE 398); *King v. Loeb,* 93 Ga. App. 301, 303 (91 SE2d 532). The date of the conversion was the date it was seized pursuant to the distress warrant. *Gen. Acceptance Corp. v. Anthony,* 91 Ga. App. 446 (85 SE2d 793).

4. Although evidence of what the automobile brought at the judicial sale was admissible on the question of its value, *Bearden v. G. M. A. C.,* 122 Ga. App. 180 (1) (176 SE2d 652) and cit., the trial judge was not bound by this amount ($370), but was authorized to find that its value was $2,030, based upon testimony to that effect as of the date of conversion. See *Nelson v. Cheek,* 127 Ga. App. 31, 33 (192 SE2d 504) and cits.

Accordingly, the judgment against defendants Partiss and Tinsley is affirmed.

*Case No. 48151:* 1. "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for

which relief may be granted, 'the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).' *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598); *Fender v. Fender,* 226 Ga. 129 (4) (173 SE2d 211) and cit." *Tri-City Sanitation v. Action Sanitation,* 227 Ga. 489 (181 SE2d 377). Although the complaint does not allege that defendant Cooper participated either in the instigation of the levy and seizure or in the diminution of the value of the vehicle between the dates of the seizure and his purchase, such facts, if proved by evidence, would have authorized a judgment against this defendant. Therefore, the trial judge did not err in overruling defendant Cooper's motion to dismiss for failure to state a claim.

2. The complaint was not subject to defendant Cooper's motion to dismiss for failure to join as a party defendant the obligor vehicle owner, against whom the plaintiff could bring an ex contractu action on the note. The owner-obligor's right to the amount, if any, of the plaintiff's recovery against Cooper's codefendants in excess of the indebtedness on the note in default, did not make him a necessary or indispensable party in this ex delicto action for damage to the lienholder's security interest. *King v. Loeb,* 93 Ga. App. 301, supra, p. 304; *N. Carolina Nat. Bank v. Peoples Bank,* 127 Ga. App. 372 (2) (193 SE2d 571). Therefore, the trial judge properly overruled the motion to dismiss on this ground.

3. Since, as was held in Division 4 of the opinion in Case No. 48152 hereinabove, the conversion was accomplished by the seizure of the vehicle pursuant to the distress warrant, and since the evidence did not show that defendant Cooper participated either in the instigation of the levy and seizure or in the diminution of the value of the vehicle between the dates of the seizure and his purchase, there is no basis of liability of defendant Cooper to the plaintiff bank within the framework of this action. The above should not be construed, however, to indicate that the plaintiff bank cannot now foreclose its perfected security interest in the vehicle while it is in the possession of Cooper (or any subsequent transferee) if the amount of its judgment against the co-defendants is less than the amount of the indebtedness on the note and it is unwilling or unable to recover such balance by an

ex contractu action for a judgment against the obligor.

Therefore, the trial judge erred in entering judgment against defendant Cooper.

*Judgment affirmed in case No. 48152. Judgment reversed in case No. 48151. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED MAY 3, 1973 — DECIDED JUNE 20, 1973.

*Manning, Read & Richardson, Charles D. Read, Jr.,* for appellants.

*Davis, Matthews & Quigley, Baxter L. Davis,* for appellee.