48484. VERICON CORPORATION v. HARDIN et al.

CLARK, Judge. "[T]o follow the old Gallic custom and plead each man his own cause in person" was chronicled by the historian[1] in describing the judicial system established at the time of the founding of the colony of Georgia. This right of each person to act as his own lawyer was the true reason for the absence of attorneys at law[2] rather than the idea contained in the phrase "that pest and scourge of mankind called lawyers" which is often quoted out of context. This scurrilous statement is contained in "Narrative Under Oath" (2 Ga. Hist. Coll. 204) which was an appeal from the colonists to the trustees in London complaining of the tyrannical dominance of Thomas Causton

---

[1] William Bacon Stevens is regarded as the first to write a history of Georgia. (51 Ga. Hist. Quart. 440). His treatise in two volumes, one published in 1847 and the second in 1859, covering the years from discovery to the Constitution of 1798, was reprinted by the Beehive Press in Savannah in 1972.

[2] Neither the Charter nor any order of the Trustees actually banned lawyers but no attorney was formally authorized to practice in the courts until 1754 when William Clifton was appointed by the Crown as Attorney General for the Province of Georgia.

when he was left to serve as Magistrate upon Oglethorpe's departure. As is shown by the remainder of the epistle the petitioners sought to state their need for lawyers rather than as a condemnation. The petition, signed by a majority of the males in Savannah, went on to explain that "for want of whose legal assistance the miserable inhabitants were exposed to a more arbitrary government than was exercised in Turkey or Muscovy." Thus the experience of our forebears confirmed that independent advocates trained in the profession of law are essential for the protection and enforcement of human rights.

The foregoing paragraph may be considered a deviation from the judicial world's conformist ambiance when composing appellate opinions but the instant appeal in which a litigant undertook to represent himself in preparation of pleadings serves as the basis for this reminder of our state's early history.

The record in this appeal from the Civil Court of Fulton County shows that on April 11, 1973, a landlord acting through a qualified attorney at law filed a proceeding against a tenant holding over, which procedure is usually denominated as a "dispossessory warrant." Eight days later the tenant acting pro se filed an answer wherein the allegations of the landlord's affidavit were denied excepting for admitting defendant to be a tenant in possession.

When the hearing was held on May 7, the trial judge's order noted that tenant made no appearance and ruled a writ of possession should issue because the uncontradicted testimony showed defendant was delinquent in rental to the amount of $2,697.94.

Thereupon, defendant tenant still acting in propria persona filed a motion to set aside this judgment. The ground was recited to be "That Defendant [tenant] has filed in the Superior Court of Fulton County, prior to this above style case, a Civil Action No. B-84092 for which said case has not been heard in accordance with Georgia Statutes [sic]."

From the order denying this motion tenant has taken this appeal with subsequently retained capable counsel urging upon this court that the Fulton County Civil Court erred because there was an existing prior suit between the same parties involving the same matter. From counsel's brief we learn that the tenant on April 10 one day before the filing of the instant Civil Court dispossessory warrant, had "filed pro se in the Superior Court of Fulton County a complaint against the Appellees [landlord] seeking relief resulting from a breach of contract arising out of

a lease agreement which lease agreement is the subject matter of the instant case" and that "Appellees [landlord] filed a counterclaim in superior court seeking the same relief sought in the civil court."

On this appeal we are limited to the record from the Civil Court of Fulton County and cannot consider factual assertions contained in briefs. *Hunt v. Denby,* 128 Ga. App. 523, 526 (4) (197 SE2d 489); *Tingle v. Arnold, Cate & Allen,* 129 Ga. App. 134, 139 (199 SE2d 260) and citations therein. The allegations we have heretofore quoted from tenant's pro se motion to set aside the judgment by reason of a pending superior court suit do not give any information as to the parties in that suit nor the nature of that action nor that there was a counterclaim by landlord. That motion filed in propria persona fails to show any nonamendable defect on the face of the record or pleadings. Thus there is lacking the essential element required to sustain such a motion. Code Ann. § 81A-160 (d); *Golden Star, Inc. v. Broyles Insurance Agency, Inc.,* 118 Ga. App. 95 (162 SE2d 756).

It should also be observed that the tenant's answer to the landlord's dispossessory affidavit made no reference to a pending superior court action. Such defense of pendency of a former action must be pleaded affirmatively to create an issuable defense. *Anthony v. Anthony,* 120 Ga. App. 261, 264 (170 SE2d 273).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

ARGUED SEPTEMBER 13, 1973 — DECIDED NOVEMBER 16, 1973.

*Marjorie C. Thurman,* for appellant.

*Arnall, Golden & Gregory, H. Fred Gober, Thomas R. Todd,* for appellees.

EVANS, Judge, concurring specially. I concur fully in the judgment and in all of the reasoning of the majority as to the legal principles underlying and supporting the correctness of the judgment. I do not know whether the history quoted is correct or not, as time is not afforded at the moment to make the historical research necessary to concur in the correctness thereof. It well may be correct. I do most enthusiastically join with the majority in condemning the phrase: "that pest and scourge of mankind called lawyers," and with the further statement of the majority that, "independent advocates trained in the profession of law are essential for the protection of human rights." Again, I wish I had the time to study the history lesson, so I could properly pass upon

the pronouncements respecting same.