## 48895. BENEFIELD v. PHOENIX FINANCE COMPANY.

PANNELL, Judge.

Phoenix Finance Company, a second lien holder, appellee, brought a foreclosure against an automobile which was levied on in the possession of Eugene Freeman, a used car dealer, who had purchased the automobile at private sale from the first lien holder to whom the automobile had been surrendered by the owner and debtor. Freeman filed a claim (referred to by him as a third party claim) in what he termed a cross action against Phoenix. The trial judge dismissed the cross claim and on appeal, this court reversed. See, *Benefield v. Phoenix Finance Co.,* 123 Ga. App. 803 (182

SE2d 549). This is now the law of the case. When the case came on for trial, the judge in the court below entered the following order:

"The Supreme Court of the United States having declared the proceedings as they appear before the Court, that is, a forclosure of personal property on which a levy has been had on personal property without any notice having been given to any of the parties prior to the seizure of the property, and that part of the law having been declared as unconstitutional, the Court finds the proceedings by and on behalf of the Plaintiff in this case are proceeding illegally; that the plaintiff is not entitled to proceed, in accordance with the thinking of this Court; and, therefore, that there is no matter before this Court at this time on the Plaintiff's petition.

"The Court further finds that the Third Party Claimant has filed a claim and a cross action in the proceedings which is illegal from its inception; therefore, the Court finds that the Third Party Claimant is not entitled at this point to recover in this proceeding.

"It Is Hereby Ordered And Adjudged that the original action is hereby dismissed as being unconstitutional and the third-party claim is dismissed because the claim is filed in a case that was illegal and unconstitutional in its inception and all costs are assessed against the Plaintiff."

This order expressly dismissed the foreclosure proceedings and the claim, but did not dismiss the cross action or cross claim. There is no certificate of review. The appeal must, therefore, be dismissed as premature. *Williams v. Horn,* 124 Ga. App. 485 (184 SE2d 198).

*Appeal dismissed. Eberhardt, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 11, 1974 — DECIDED MARCH 5, 1974.

*Scott Walters, Jr.,* for appellant.
*J. Norwood Jones, Jr.,* for appellee.