## 50510. AMERICAN FINANCE COMPANY v. FIRST NATIONAL BANK IN NEWNAN.

CLARK, Judge.

We frame the issue posed by this appeal thusly: Where an automobile is levied on and sold at a judicial sale pursuant to a writ of fieri facias is the holder of the motor vehicle security interest barred from bringing an action for conversion against the plaintiff in fi. fa. because the lienholder failed to assert its security interest in the court by means of our "claim" laws?

On January 30, 1973, a writ of fieri facias issued for the execution of a judgment which defendant American Finance Company had obtained against Billy Cosper. Levy was then made by the sheriff of Fulton County upon a 1967 Pontiac automobile. At that time, plaintiff, First National Bank in Newnan, held a perfected motor vehicle security interest in the automobile, evidenced by a promissory note, security agreement and Georgia certificate of title. The vehicle was duly advertised in the Fulton County Daily Report to be sold on October 1, 1973. One hour before the scheduled sale, plaintiff advised defendant by telephone of its security interest in the seized automobile and requested that the sale should not take place. Repudiating this exhortation, defendant counteradvised that "a telephone call was not sufficient to stop the sale and the plaintiff must comply with the provisions of law governing claims of third parties." (Approved finding of fact no. 7). The sale proceeded as advertised and the car was sold. Thereafter the bank brought this action for conversion. The case was tried without a jury in the State Court of Spalding County. Judgment was rendered for plaintiff in the amount of $875 and defendant appealed. *Held:*

1. Where a third party claimant contests the levy and the sale of property by the interposition of a claim to such property under our claim laws (Code § 39-801 et seq.), it is mandatory that the claimant strictly adhere to the statutory requirements. *George v. Davison-Paxon Co.,* 90 Ga. App. 717 (84 SE2d 122). See also *Shecut v. Trubee,* 99 Ga. 637 (26 SE 60); *Bullock v. Butts,* 33 Ga. App. 7 (124 SE 905); *Johnson v. Planters Bank,* 34 Ga. App. 241 (129

SE 125). But this is not to say that the claim laws provide the only available remedy to a third party claimant.

The claim statutes are cumulative and permissive, not mandatory. And the failure to assert a claim to property levied on will not prevent the claimant from subsequently asserting his rights to the property, unless, of course, the claimant misleads defendant as to the nature and extent of his claim and is thereby estopped. *Whittington v. Wright,* 9 Ga. 23; *Bodega v. Perkerson,* 60 Ga. 516; *Sears v. Bagwell,* 69 Ga. 429; *McLennan v. Graham,* 106 Ga. 211 (32 SE 118). Thus, the mere fact that plaintiff did not file a claim to the automobile does not bar, as defendant contends, this trover action. *Commercial Credit Co. v. Britt,* 53 App. 430 (186 SE 449); s. c., 55 Ga. App. 789 (191 SE 400). See also *Cooper v. Citizens Bank,* 129 Ga. App. 261 (199 SE2d 369), wherein a landlord was deemed liable for the conversion of an automobile in which plaintiff held a perfected security interest since the vehicle was levied on and sold pursuant to a distress warrant for rent.

2. Via two enumerations of error defendant asserts that (1) jurisdiction over the person was lacking and (2) service of process was insufficient. These defenses were waived by defendant's failure to raise the issues by a motion or in his original responsive pleadings. Code Ann. § 81A-112 (h)(1); *Benefield v. Phoenix Finance Co.,* 123 Ga. App. 803 (182 SE2d 549); *Christopher v. McGehee,* 124 Ga. App. 310, 312 (2) (183 SE2d 624), aff'd, 228 Ga. 466 (186 SE2d 97).

3. Appellant's third enumeration of error avers that "The amount of the judgment, $875.00, does not conform with the amount of $1,100.00 demanded in petition; is not substantiated; does not conform with fair market value as determined by the sale of the property at public outcry; and is contrary to law."

The court's finding of fact No. 9 which was approved by the parties reads: "fair market value was determined at the time and place of sale" (R. 46) but there is nothing in the record indicating the amount for which the property was sold. The judgment from which this appeal was taken states "a decision having been rendered by the court for plaintiff and against defendant in the sum of $875.00."

The record does not disclose how this figure was determined. "[W]e are limited to the record . . . and cannot consider factual assertions contained in briefs. [Cits.]" *Vericon Corp. v. Hardin,* 130 Ga. App. 239, 241 (202 SE2d 691).

Although evidence of the amount the vehicle brought at the judicial sale was admissible on the question of value, the trial judge would not be bound by this sum and would be authorized to determine its value upon other evidence. *Cooper v. Citizens Bank,* 129 Ga. App. 261, 262 (4), supra.

And it was not error for the court to award judgment for a sum less than that demanded by plaintiff in its complaint. "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. . ." Code Ann. § 81A-154 (c). See generally Wright & Miller, Federal Practice and Procedure: Civil § 2664.

4. Appellee's motion for assessment of damages for frivolous appeal under Code § 6-1801 is denied. See *Bragg v. Bragg,* 224 Ga. 294, 297 (2) (161 SE2d 313).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted April 8, 1975 — Decided June 5, 1975.

J. Sidney Lanier, for appellant.
Glover & Davis, J. Littleton Glover, Jr., William E. Anderson, for appellee.