60366, 60367. WILLIAMS-EAST, INC. v. WEEKS et al.
(two cases).

SOGNIER, Judge.

Appellant, Williams-East, Inc., leased certain commercial property located in Gwinnett County from Weeks. Subsequently, Weeks leased a portion of the same property to Rockwell without the consent of Williams-East. Weeks claimed Williams-East was in default on its lease with Weeks.

Appellant filed an action in Fulton County Superior Court on November 6, 1979 seeking declaratory and injunctive relief, as well as damages, based on its lease agreement with Weeks. Appellee filed a dispossessory action in Gwinnett County on November 6, 1979 seeking possession of the premises from Williams-East. Weeks was served with the Fulton County suit on November 19, 1979. Williams-East was served with the dispossessory action on November 8, 1979 and answered the petition asserting the same claims as were asserted in its Fulton County suit. Weeks filed an answer and a motion to dismiss the Fulton County suit on December 13, 1979. The motion to dismiss was granted on February 12, 1980. Williams-East appeals and we affirm.

1. Appellant contends that the trial court erred in granting Weeks' motion to dismiss, which was based on the pendency of a

former suit, because Weeks failed to raise such an affirmative defense in his answer. Pendency of a former suit for the same cause of action between the same parties in the same or any other court that has jurisdiction is a good cause of abatement. Code Ann. §§ 3-601, 3-607; *Rothstein v. Consuegra,* 153 Ga. App. 620 (266 SE2d 309) (1980). Such a defense must be pleaded affirmatively to create an issuable defense. *Vericon Corp. v. Hardin,* 130 Ga. App. 239 (202 SE2d 691) (1973). While Weeks did not include the pendency of the former suit in his answer as he might have (§ 81A-108 (c)) he did raise the issue in his motion to dismiss. "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver." *Phillips v. State Farm &c. Co.,* 121 Ga. App. 342, 346 (173 SE2d 723) (1970).

Additionally, there is nothing in the record to indicate that Williams-East objected to appellee's answer or motion. The alleged lack of pleading was not raised in the trial court and the issue is not properly before us. *Phillips v. State Farm,* supra at 347. This court will not consider questions raised for the first time on appeal. *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977); *White v. Front Page,* 154 Ga. App. 518 (268 SE2d 732) (1980).

2. Appellant also argues that a motion to dismiss was not the proper procedure to dispose of the case since evidence beyond the face of the pleadings was required to rule on the motion. A motion to dismiss can be converted to a motion for summary judgment if matters outside the pleadings are considered by the trial court. *Hill v. Davis,* 241 Ga. 233, 234 (244 SE2d 852) (1978). Appellant contends, however, that if such was the case proper notice was lacking as required by Code Ann. § 81A-156. We find this contention without merit.

The proper procedure to raise matters of abatement is *not* a motion for summary judgment since such a motion contemplates an adjudication on the merits. Rather, such matters should be raised in a pleading or motion pursuant to Code Ann. § 81A-112 (d) and heard under the provisions of Code Ann. § 81A-143 (b), which contemplates consideration of evidence not appearing on the face of the record. *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974).

3. Appellant contends that appellee failed to introduce into evidence certified copies of the Gwinnett County action. The record discloses that appellee attached copies of the dispossessory proceedings to his motion to dismiss. The proper procedure would

have been for appellee to present certified copies of the record in the Gwinnett County action as evidence of the prior suit. *Watts v. Kundtz,* 128 Ga. App. 797, 798 (197 SE2d 859) (1973); *Rowland v. Kellos,* 236 Ga. 799, 801 (225 SE2d 302) (1976). However, appellant did not object to such copies; in fact, in his argument against appellee's motion to dismiss in the trial court, appellant referred to such pleadings. Since this issue was not raised in the trial court, it will not be considered by this court for the first time on appeal. *Phillips v. State Farm,* supra at 347.

4. Appellant's next enumerated error is that the trial court erred in granting appellee's motion to dismiss because appellee failed to present evidence that the Gwinnett County suit was filed *prior* to the Fulton County suit. Appellant contends that the priority of pending actions is determined by the date of filing of each complaint; appellee contends that the action is "pending" on the date the opposite party is served. The priority of pending actions is determined by the dates of filing, if service has been perfected. *Wheeler v. Wheeler,* 229 Ga. 84, 85 (1) (189 SE2d 427) (1972); *Jackson v. Schulman,* 142 Ga. App. 625 (237 SE2d 4) (1977). " 'The Georgia courts have repeatedly held that service or waiver is essential, but that when made it relates back to the date of filing, which establishes the date the action is commenced.' *Taylor v. Kohlmeyer & Co.,* 123 Ga. App. 493, 494 (1) . . ." *Jackson v. Schulman,* supra. Service having been perfected in *both* cases here, commencement for each case relates back to the date of filing, November 6, 1979.

In his suit filed in Fulton County Superior Court, appellant seeks, inter alia, a determination by the trial court of the right to possession of the premises. This issue as well as the injunctive relief and damages sought by appellant can be determined by way of a counterclaim in the dispossessory proceeding in Gwinnett County and in fact, appellant seeks such injunctive relief and damages in the suit filed by appellee in Gwinnett County Superior Court. On the other hand, a dispossessory proceeding is a summary proceeding involving certain statutory requirements which must be met in order for a landlord to be afforded relief. Code Ann. § 61-301 et seq.; *Brown v. Cobb Federal &c. Assn.,* 116 Ga. App. 766 (158 SE2d 925) (1967). In this case, the dispossessory proceeding is appellee's exclusive remedy to regain possession of the premises, and complete relief to both parties can be afforded only by the dispossessory proceedings in Gwinnett County. The trial court dismissed appellant's complaint in Fulton County "without prejudice to Plaintiff's right to assert any defenses or claims which he may have growing out of the transaction giving rise to the dispossessory proceeding pending in the Superior Court of Gwinnett County, Georgia." For the foregoing reasons, the

trial court did not err in granting appellee's motion to dismiss. See *Speir v. Davis,* 235 Ga. 788 (221 SE2d 575) (1976).

5. Finally, appellant contends that the trial court erred in dismissing his complaint because the suit filed in Fulton County and the suit filed in Gwinnett County did not involve the same "causes of action," as required by Code Ann. § 3-607. The issues in this case arise out of the lease agreement between the parties. Although technically speaking, the causes of action here are different and rest in opposite parties, "if they arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be 'unnecessary, and consequently oppressive,' " the second suit should be abated by the first. See *Schoen v. Home Federal &c. Assn.,* 154 Ga. App. 68, 69 (267 SE2d 466) (1980).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED JANUARY 5, 1981.

*Phillip S. McKinney, Karl M. Kothe, C. B. Rogers,* for appellant.
*J. Corbett Peek, Jr., Alfred G. Adams, Jr., James G. Peek,* for appellees.