67305. DAWSON et al. v. McCART et al.

BANKE, Judge.
Appellants filed suit against the appellees in the Superior Court of DeKalb County in May of 1982 to obtain injunctive relief and money damages based on the appellees' alleged misconduct in withholding certain books and records belonging to appellants. Subsequently, in March of 1983, the appellants filed in the State Court of DeKalb County a second suit based on the withholding of the same books and records but seeking money damages only. This

appeal is from a grant of summary judgment to the appellees in the state court action based on the pendency of the superior court action. *Held:*

1. OCGA § 9-2-5 (a) (Code Ann. § 3-601) provides that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." The trial court was authorized to dismiss the state court action pursuant to this code section, since the issues in that case arose from the same transaction as the issues in the superior court action, viz — an aborted attempt by the parties to merge two insurance firms. " '[I]f [the causes of action] arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be "unnecessary and, consequently oppressive," ' the second suit should be abated by the first. See *Schoen v. Home Federal &c. Assn.,* 154 Ga. App. 68, 69 (267 SE2d 466) (1980)." *Williams-East, Inc. v. Weeks,* 156 Ga. App. 861, 864 (275 SE2d 801) (1981); see also *Rothstein v. Consuegra,* 153 Ga. App. 620 (266 SE2d 309) (1980). Compare *A. H. Robins Co. v. Sullivan,* 136 Ga. App. 533 (221 SE2d 697) (1975).

2. "The proper procedure to raise matters of abatement is *not* a motion for summary judgment since such a motion contemplates an adjudication on the merits. Rather, such matters should be raised in a pleading or motion pursuant to Code Ann. § 81A-112 (d) [OCGA § 9-11-12 (d)] and heard under the provisions of Code Ann. § 81A-143 (b) [OCGA §9-11-43 (b)], which contemplates consideration of evidence not appearing on the face of the record. *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974)." *Williams-East, Inc. v. Weeks,* supra at 862. Insofar as this court's opinion in *McPeake v. Colley,* 116 Ga. App. 320 (157 SE2d 562) (1967), suggests that a motion for summary judgment is the proper method to raise the issue of the pendency of a former action, that decision is expressly overruled. We affirm the judgment of the trial court with direction that said judgment be amended to show that the dismissal is not on the merits of the appellant's claim and is without prejudice. See *Kirkpatrick v. Mackey,* 162 Ga. App. 876 (293 SE2d 461) (1982).

*Judgment affirmed with direction. McMurray, C. J., Deen, P. J., Quillian, P. J., Shulman, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984.

*James B. Gurley,* for appellants.
*George L. Barron, Jr.,* for appellees.