71281. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al. v. FOWLER.
(341 SE2d 491)

SOGNIER, Judge.

Tom Fowler brought suit against Georgia Farm Bureau Mutual Insurance Company (GFB) seeking payment for property damage allegedly covered under a contract of homeowners' insurance. GFB's motion to dismiss for failure to state a cause of action was denied by the trial court and we granted GFB's interlocutory appeal.

The trial court properly denied appellant's motion to dismiss. " ' "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." [Cit.]' [Cit.]" *Oliver v. Irvin*, 230 Ga. 248, 249 (1) (196 SE2d 429) (1973). See also *Snooty Fox v. First American Invest. Corp.*, 144 Ga. App. 264, 265 (241 SE2d 47) (1977). The basis for appellant's motion to dismiss was its contention that appellee's failure to file suit against it within 12 months of the date of the loss precluded appellee's assertion of this claim. Although this court has upheld the validity of contractual periods of limitation in insurance policies when not in contravention of any statute or public policy, see *Fidelity &c. Co. v. Sun Life Ins. Co.*, 174 Ga. App. 258, 261 (3) (329 SE2d 517) (1985), we have also determined that an insurer has waived the contractual limitation under a variety of factual situations. See, e.g., *Ga. Farm &c. Ins. Co. v. Mikell*, 126 Ga. App. 640, 642 (2) (191 SE2d 557) (1972); *Laughinghouse v. First of Ga. Ins. Co.*, 123 Ga. App. 189, 191 (1) (179 SE2d 675) (1971). We note, however, that the typical case concerning contractual limitations or the waiver thereof appears before this court at a procedural stage where all pos-

sible factual issues have been put to rest. See *Fidelity &c. Co.*, supra (motion for summary judgment); *Mikell,* supra (appeal from jury verdict); *Laughinghouse,* supra (motion for directed verdict). " 'Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [Cit.]" *Leitzke v. Leitzke,* 239 Ga. 17, 19 (2) (235 SE2d 500) (1977). Although appellee's complaint does not allege appellant engaged in activities constituting a waiver of the limitation provision, such facts, *if proved by evidence,* would authorize a finding that appellant did waive the limitation period. See generally *Cooper v. Citizens Bank,* 129 Ga. App. 261, 263 (1) (199 SE2d 369) (1973). Therefore, the trial court did not err by overruling appellant's motion to dismiss for failure to state a claim. Id.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Duross Fitzpatrick,* for appellants.
*James G. Maddox,* for appellee.