**T. H. TAUNTON et al., Plaintiffs,**

v.

**ALLENBERG COTTON COMPANY, INC., Defendant.**

**GARDEN VALLEY PACKING CO., INC., d/b/a Garden Valley Gin Co., Defendant and Third Party Plaintiff,**

v.

**ALLENBERG COTTON COMPANY, INC., Third Party Defendant.**

**Civ. A. No. 1711.**

United States District Court,
M. D. Georgia,
Columbus Division.

Dec. 13, 1973.

Denmark Groover, Jr., Byrd, Groover & Buford, Macon, Ga., for plaintiffs.

Charles J. Willis, Lovejoy, Mayer, Allen & Quillian, LaGrange, Ga., and Albert W. Stubbs, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for defendant, Allenberg Cotton Co., Inc.

Dan S. Beeland, Columbus, Ga., for defendant, Garden Valley Packing Co., Inc., d/b/a Garden Valley Gin Co.

## JUDGMENT AND DECREE

ELLIOTT, Chief Judge.

The thirteen Plaintiffs above identified are cotton farmers who early this year entered into contracts to sell their fall crops at a specified price per pound and are now in the understandably unhappy situation of having seen the market price of the commodity advance substantially during the growing season. In this action they challenge the validity of their agreements. That which appeared attractive in sunny spring has lost its allure in bleak December.

The case came on for trial on the merits before the Court without a jury. All parties were present and represented by counsel.

The Plaintiffs filed a complaint against Garden Valley Packing Co., Inc. (hereinafter "Garden Valley"), a gin and warehouse operator, and Allenberg Cotton Company, Inc. (hereinafter "Allenberg"), a cotton broker, in the Superior Court of Taylor County, Georgia, alleging certain written contracts between themselves and Garden Valley and between Garden Valley and Allenberg. They prayed for a declaratory judgment as to the rights and obligations of the parties under these contracts and that the contracts be declared invalid and unenforceable. The case was removed to this Court on the petition of Allenberg based on diversity of citizenship and an amount in controversy in excess of $10,000.00. Allenberg filed defenses to the complaint and also filed a counterclaim seeking in several counts damages for breach of contract, injunction, specific performance, a declaratory judgment and recovery of the cotton in question. It also filed a cross-claim against the co-defendant, Garden Valley, seeking the same relief. The Plaintiffs answered the counterclaim asserted against them. The defendant Garden Valley answered the complaint and the cross-claim against it and filed a third party complaint against Allenberg. Allenberg filed an answer to the third party complaint.

During the course of the trial certain stipulations and concessions were made by the parties. All of the parties stipulated that the only questions before the Court were:

1. Did the contracts in question violate the provisions of Georgia Code § 20–602, the so-called "Bucket Shop" Act?

2. Are the contracts invalid and unenforceable because Allenberg had not accepted the contracts in La-Grange, Georgia, pursuant to the provisions of Paragraph 9 of the contracts?

3. Are the contracts invalid and unenforceable because, at the time of the execution thereof, no cotton had actually been planted by any Plaintiff?

4. Are the contracts invalid and unenforceable because they were without consideration and lacking in mutuality?

The parties further stipulated that:

5. The only consideration for the contracts, if any, is as appears in the contracts themselves.

6. Each of the contracts was executed by the persons whose names appear thereon.

7. No cotton had been planted by any Plaintiff at the time the contracts were executed.

8. If the Court holds that the contracts are valid and enforceable, the Plaintiffs agreed that they would deliver the cotton called for by their agreements to Garden Valley and Garden Valley agreed that, in turn, it would deliver to Allenberg all cotton it received from the Plaintiffs, without prejudice to the rights of the parties.

9. Subject to the approval of the Court, the issue of damages will be severed and, if necessary, tried at a later date, provided that the rights of the parties will not be prejudiced by delivery or acceptance of the cotton in the meantime pursuant to the judgment of the Court.

In view of the foregoing stipulations the Court is not presently concerned with the issue of damages, nor are we concerned with any of the remedies claimed in the pleadings other than declaratory judgment. In this connection it should be observed that in view of the rulings herein made the third party complaint of Garden Valley against Allenberg, claiming protection in the event of invalidity of the contracts, becomes moot.

## FINDINGS OF FACT

The following facts are established by the pleadings, that is, the allegations of the complaint and the admissions of the Defendants with respect thereto:

1. Garden Valley is a Georgia corporation with its principal office in Taylor County, Georgia. (For the purposes of diversity jurisdiction, Garden Valley, a citizen of the State of Georgia, is considered a Plaintiff for the reason that its real interest is not adverse to, but is the same as the interest of the Plaintiffs and it is, therefore, realigned as a Plaintiff.)

2. Allenberg is a foreign corporation and a citizen of a state other than Georgia.

3. The Plaintiffs are owners and/or operators of farming operations in Taylor, Peach and Macon Counties, Georgia, where they grow cotton, and are citizens and residents of Georgia.

4. On March 5, 1973 Allenberg and Garden Valley entered into an agreement for the purchase and sale of cotton, a copy of which is attached to the complaint as Exhibit "A". On March 5 and 6, 1973 each Plaintiff entered into an agreement with Garden Valley with respect to the cotton produced on his farm, which agreements were incorporated into the agreement between Allenberg and Garden Valley. (These contracts are attached to the defensive pleadings filed by Allenberg and were stipulated into evidence as indicated above.)

5. On August 21, 1973 Garden Valley notified Allenberg in writing that it would not comply with its contract with Allenberg.

6. At the time the complaint was filed on September 5, 1973 the cotton of the Plaintiffs was growing and almost ready for harvest, with harvest expected to be begun about October 1, 1973 and completed in approximately six weeks.

7. By letter dated August 30, 1973 Allenberg notified Garden Valley that it intended for the agreement between them to be honored and that it would look to Garden Valley for damages which might result from a breach of said agreement.

8. As a result of the aforesaid letter from Allenberg to it, Garden Valley notified the Plaintiffs that, in the absence of a legal declaration that their agreements were invalid, Garden Valley would insist on carrying out the terms of its agreements with the Plaintiffs.

9. On the date of the filing of the complaint, September 5, 1973, the price of lint cotton for October delivery of the grades contemplated by the agreements was approximately 70 cents per pound, F. O. B. truck at the gin.

The following facts were established by the evidence:

10. The contracts between Allenberg and Garden Valley, to which the contracts between the Plaintiffs and Garden Valley were attached as exhibits, was executed on behalf of Allenberg by Jimmy R. Williams who was regularly employed at the LaGrange, Georgia office of Allenberg. The principal office of Allenberg was located at Memphis, Tennessee. Jimmy R. Williams was fully authorized by Allenberg to execute, on its behalf, contracts relating to the purchase of cotton, including the contract between Garden Valley and Allenberg. When the contract between Garden Valley and Allenberg had been executed Williams placed a long distance call from the office of Ed Richardson (who executed the contract on behalf of Garden Valley) to the LaGrange office of Allenberg, and reported the execution of the Garden Valley contract.

11. In July, 1973, and again at a later date, the said Richardson discussed with the said Williams the possibility of adjusting the contracts in order to permit the Plaintiffs to deliver less cotton under them. On each occasion Williams advised Richardson that Allenberg would insist on enforcing its contract. On another occasion Richardson advised Williams that one contracting cotton farmer had had a crop failure and would not be able to deliver cotton.

12. The Plaintiffs are cotton farmers and have actually planted cotton crops which have matured and have either been harvested or are ready to be harvested.

13. The defendant Garden Valley is engaged in the operation of a cotton gin and a warehouse for the storage of cotton.

14. The business of the defendant Allenberg is that of a cotton broker and it buys cotton from farmers and sells it to cotton mills for use in the manufacture of textiles.

15. The parties contemplated actual delivery and receipt of the cotton grown under the various contracts and did not intend these transactions as speculations in cotton futures.

## CONCLUSIONS OF LAW

1. All of the Plaintiffs and the defendant Garden Valley are citizens of the State of Georgia. Defendant Allenberg is a citizen of the State of Tennessee. The amount in controversy, exclusive of interest and costs, exceeds the sum of $10,000.00.

2. This is a proper case for declaratory judgment as provided in the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 et seq. All parties to the case are in agreement as to the propriety of and need for a declaratory judgment. In the opinion of the Court this appears to be a classic example of a case in which the Court should declare the rights and duties of the parties.

3. The contracts in question do not violate the provisions of Georgia Code § 20–602, the so-called "Bucket Shop" Act. This Code Section is a codification of Georgia Laws 1929, page 245 et seq., which statute superseded a 1906 Georgia Statute. The 1929 Statute gave legality to certain brokerage transactions which were illegal under the 1906 Act. See Layton v. State, 165 Ga. 265, 140 S.E. 847 (1927). Georgia Code § 20–602 does not invalidate contracts for the future delivery of commodities where the parties contemplate actual delivery of those commodities. See, also, Fenner & Beane v. Calhoun, 56 Ga.App. 823, 194 S.E. 51 (1937), the only decision of the Georgia courts construing the Code Section. Furthermore, Georgia has enacted the Uniform Commercial Code which clearly provides for contracts for future delivery of goods. In this connection see Georgia Code §§ 109A–2–105(1), (2) and 109A–2–106(1).

4. These contracts are not rendered invalid or unenforceable because of the provision of Paragraph 9 thereof to the effect that the contract shall not be valid unless accepted and approved by Allenberg in LaGrange, Georgia. It is clear that Jimmy R. Williams was the agent and representative of the LaGrange, Georgia, office of Allenberg, that he was fully authorized to execute the contract in question, and that Allenberg was bound by the contract when he did execute it. There is no requirement in the contract that Garden Valley be notified of such acceptance and approval although it is clear from the evidence that Richardson, representative of Garden Valley, had such notice and considered the contract to be binding. Even if this were not so, the Plaintiffs cannot complain of this provision in the contract between Garden Valley and Allenberg because their contracts were with Garden Valley. The contracts were form contracts and, as to the contracts between the Plaintiffs and Garden Valley, Paragraph 9 was mere surplusage in any event.

5. The fact that no cotton had been planted at the time of the execution of these contracts does not in any

way affect the validity or enforceability of the contracts. It is clear under the Georgia Law that a contract to sell, as distinguished from an actual sale, can relate to a commodity which is not in existence at the time the contract is executed. This is the clear holding in Forsyth Manufacturing Company v. Castlen, 112 Ga. 199, 37 S.E. 485 (1900), a full-bench decision of the Georgia Supreme Court which has not been reversed or modified but, rather, has been cited with approval in a number of later Georgia cases. Furthermore, as previously indicated, the provisions of the Uniform Commercial Code authorize such contracts. See Georgia Code § 109A-2-105(2), specifically dealing with goods not existing and identified and treating a present sale of such "future goods" as a contract to sell such goods.

■ 6. There was a valid consideration for each of the contracts and they are not so uncertain or indefinite as to be lacking in mutuality. Georgia Code § 20-304 provides that mutual promises, as in these contracts, are good considerations. A contract by which one party agrees to buy and the other party agrees to sell is based on valid considerations. Rather than finding the contracts to be uncertain and indefinite, as contended by the Plaintiffs, the Court holds that they are sufficient in that they contain all material details necessary for a contract to buy and sell. If it should be said that the contracts are insufficient as to the time or place for performance, such deficiencies, if any, are remedied by the provisions of Georgia Code §§ 109A-2-308 and 109A-2-309. The Georgia Statute relating to the formation of a contract for the sale of goods, Georgia Code § 109A-2-204, is extremely liberal. It provides that such a contract may be made in any manner sufficient to show agreement, including conduct of the parties which recognizes the existence of the agreement, and that, even though terms are left open, a sales contract does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy.

### DECREE

■ The Court decrees, declares and finds the rights and duties of the parties to be that the contracts between the Plaintiffs and Garden Valley and between Garden Valley and Allenberg, as attached to the defensive pleadings of Allenberg, and stipulated into evidence, are valid and enforceable; that it is the duty of the Plaintiffs to deliver their cotton to defendant Garden Valley and the duty of Garden Valley to pay them for such cotton at the price stipulated in their contracts. The Court further decrees, declares and finds that it is the duty of the defendant Garden Valley to deliver said cotton to the defendant Allenberg and the duty of the defendant Allenberg to pay Garden Valley for said cotton at the price specified in the contract between them.