In re Saul QUINTANA, Debtor.

The BANK OF MIAMI, Plaintiff,

v.

Saul QUINTANA, Defendant.

Bankruptcy Nos. 79–01455–BKC–TCB, 80–0029–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

April 7, 1980.

Robert E. Venney, Miami, Fla., for debtor. Layne & Brill, P. A., Miami, Fla., for plaintiff.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This adversary complaint seeks a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). (C.P. No. 1) The debtor has answered. (C.P. No. 5) The matter was tried before me on April 3, 1980. This order is a memorandum of decision under B.R. 752(a).

The debtor had been in business for five years, exporting merchandise to South America through a corporation he owned.

Six months before bankruptcy, the plaintiff bank called on the debtor to pay an overdraft of $25,230. On June 11, 1979, in response to that call, the debtor and a regular customer of his, Perez, met with a bank officer.

At that meeting, Perez acknowledged that he had ordered a shipment of bolts from the debtor, to be delivered to Venezuela. Perez and the debtor executed sight drafts, drawn on Perez' Venezuelan bank, for $62,500, in payment for the bolts and the sight drafts were left with the plaintiff. The bolts had already been obtained by the debtor on credit from his supplier and had been delivered to a freight forwarder, who awaited only the debtor's authorization to ship the bolts to Perez.

The debtor left the invoice, for $62,500, with his bank and promised to authorize shipment and deliver the bills of lading to his bank before the end of that week. On the strength of these representations, plaintiff credited the debtor's corporate account for 80 percent of the drafts, $50,000, satisfying the overdraft and leaving a credit balance. The $50,000 advance was made under an otherwise unsecured note jointly and severally executed by the debtor and his corporation.

Neither the debtor nor Perez disclosed that Perez already owed the debtor $50,000, that Perez had promised to pay at least half that sum forthwith, and that the debtor would not authorize shipment until Perez paid him at least $25,000 on the past due account. I infer that had this side transaction been disclosed to the plaintiff, the advance would not have been made until the bills of lading were delivered to the bank. That had been the normal practice in previous similar transactions for the debtor and this was the largest such transaction between the parties.

Perez paid nothing. The debtor never authorized shipment. The sight drafts were dishonored by the Venezuelan bank at Perez' direction, because the goods were never shipped. Several months later, the bolts were returned to the debtor's supplier, who sold them directly to Perez.

I find that the debtor intended to deceive his bank by concealing his intention to prevent shipment unless Perez paid him an additional $25,000 and that he did so for the express purpose of inducing the loan of $50,000 he received from the plaintiff.

■ 11 U.S.C. § 523(a)(2)(A) exempts from a discharge a debt:

".   .   . for obtaining money, property, services, or an extension, renewal, or refinance of credit, by (A) false pretenses, a false representation, or actual fraud .   .   ."

This provision, with the addition of actual fraud, is identical to § 17a(2) of the prior Act and, therefore, the decisions applying § 17a(2) are pertinent. It is generally recognized that silence or concealment as to a material fact can constitute a false pretense or a false representation as surely as an overt act. *Collier on Bankruptcy* (15th ed.) ¶ 523.08. *Davison-Paxon Co. v. Caldwell*, 5 Cir. 1940, 115 F.2d 189 holds to the contrary. This decision has been frequently questioned. *Collier on Bankruptcy* (15th ed.) ¶ 523.08, note 20. I am satisfied that it no longer reflects the rule in this Circuit. *Matter of Boydston*, 5 Cir. 1975, 520 F.2d 1098, 1101; *Matter of Wood*, 5 Cir. 1978, 571 F.2d 284. I conclude that plaintiff's claim is non-dischargeable.

It is undisputed that the amount owed including interest is $56,492 as of the date of this order. As authorized by 28 U.S.C. § 1471 and B.R. 409, plaintiff is entitled to judgment against the debtor in that amount.

■ There is some variance between the theory of the complaint and plaintiff's proof and plaintiff did not specifically pray for a money judgment. As is required by B.R. 715, the pleadings are deemed amended to conform to the issues which were tried without objection before me.

As is required by B.R. 921(a), a separate judgment will be entered in favor of the plaintiff and against the debtor in the amount of $56,492 and that claim is declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Costs will be taxed on motion.