In the Matter of Thomas Kenneth KOHL, Debtor.

LADER'S TIFFANY FEED & SUPPLY CO., INC., Plaintiff,

v.

Thomas Kenneth KOHL, a/k/a Thomas K. Kohl, a/k/a Thomas Kohl, f/d/b/a T Double K Farms, Defendant.

Adv.No. 81–0016.

United States Bankruptcy Court, W. D. Wisconsin.

June 3, 1981.

David B. Feingold, Feingold Law Offices, Janesville, Wis., for Lader's Tiffany Feed & Supply Co., Inc., plaintiff.

Richard V. Holm, Hansen, Eggers, Berres & Kelley, S. C., Beloit, Wis., for Thomas Kenneth Kohl, defendant.

## OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

Plaintiff, Lader's Tiffany Feed and Supply Co., Inc., filed a complaint to have the court determine whether defendant Thomas Kohl's actions created a debt to Lader's that is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) prevents discharge of an individual from any debt "for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—(A) false pretenses, a false representation, or actual fraud." For a debt to be held nondischargeable because of a false representation or false pretenses, the following elements must be true at the time the property was obtained:

1. The debtor must have obtained the property by means of representations which he knew were false or which were made with reckless disregard of their truthfulness.

2. The debtor must have an intent to deceive, which may be inferred from the knowing or reckless representation made to induce another to transfer property to the debtor.

3. The creditor must actually and reasonably rely on the misrepresentation. *In Re Ratajczak*, 5 B.R. 583, 586 (M.D. Fla.1980) and *Carini v. Matera*, 592 F.2d 378 (7th Cir. 1979).

The elements of fraud as stated by the Supreme Court are:

*First.* That the defendant has made a representation in regard to a material *fact*;

*Secondly.* That such representation is false;

*Thirdly.* That such representation was not actually believed by the defendant, on reasonable grounds, to be true;

*Fourthly.* That it was made with intent it should be acted on;

*Fifthly.* That is was acted on by complainant to his damage; and,

*Sixthly.* That in so acting on it the complainant was ignorant of its falsity, and reasonably believed it to be true. *South-ern Development Co. v. Silva*, 125 U.S. 247, 8 S.Ct. 881, 31 L.Ed. 678 (1888).

Lader's complaint alleges that the defendant, Thomas Kohl, sold crops to Lader's and kept the proceeds from the sale without disclosing his prior agreement to pay Green Rock FS Cooperative the proceeds. A copy of a Consumer Farm Security Agreement signed by Kohl is part of the record, but there is a dispute regarding its validity. Green Rock commenced an action in Rock County Circuit Court to recover from Kohl, Lader's, and Demeter, Inc. the proceeds from the sale of Kohl's crops. Lader's paid Green Rock $8,000 on November 17, 1980, in consideration for a release of all claims Green Rock may have had against Lader's as a result of Lader's purchase of Kohl's crops. Prior to that settlement, Lader's commenced this action to determine if Kohl owes them a non-dischargeable debt. Kohl has moved for summary judgment in this action under F.R.C.P. 56 as adopted by Bankruptcy Rule 756. The issue raised on this motion is whether silence can be a false representation, false pretense or actual fraud as required for a debt to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

Several bankruptcy court decisions have stated explicitly that silence may be the basis for a false pretense, false representation or actual fraud. The court in the Southern District of Florida stated:

It is generally recognized that silence or concealment as to a material fact can constitute a false pretense or false representation as surely an overt act. *In Re Quintana*, 4 B.R. 508, 6 B.C.D. 464, 465, 2 C.B.C.2d 293, (Bkrtcy.S.D.Fla.1980).

Similarly in *In Re Matheny*, 2 B.C.D. 1604, 1606 (S.D.Ill.1977), the court stated:

It is not necessary that there be actual positive false representations, concealment of a material fact is sufficient. The concealment of a material fact may be the equivalent of a false representation and be sufficient upon which to predicate a charge of fraud, *37 C. J. S. Fraud Sec. 15, p. 242.*

The concealment of a fact which, if known, would have influenced the party

to refrain from acting, causing injury has been held sufficient to constitute fraud.

In *In re Nienhuis*, 1 B.C.D. 404 (S.D.Mich. 1974), the debtor sold his boat to a marina without disclosing an existing lien that was not and could not be disclosed on the title. The court found that the action violated Mich.Stat.Ann. § 19.2312; M.C.L.A. § 440.-2312 (U.C.C. 2–312) seller's warranty that "the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge."[1] The court citing *Christopher v. MaGehee*, 124 Ga.App. 310, 183 S.E.2d 624, 539 and *Fields v. Sugar*, (Ark.) 476 S.W.2d 814 went on to state that a warranty from encumbrance arises although nothing is said by the seller as to encumbrances. The court, using Michigan case law stating that failure to disclose a material fact necessary to prevent a false impression is as much a fraud as positive misrepresentation, found "Nienhuis did in fact obtain money or property from Dry Land by false pretenses or false misrepresentations and the amount of the debt representing the damage suffered by Dry Land Marina is not dischargeable." *Nienhuis* at page 406. Under both § 523(a)(2)(A) and its predecessor, § 17(a), bankruptcy courts have found silence sufficient to create a false representation or false pretense.

Wisconsin has allowed silence by a real estate seller to be a false representation when there is a duty to disclose. In *Ollerman v. O'Rourke Co., Inc.*, 94 Wis.2d 17, 288 N.W.2d 95 (1980), the court discussed and applied the Restatement of *Torts* (Second), § 551 which states:

(1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.

(2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated.

(a) matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them; and

(b) matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading; and

(c) subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so; and

(d) the falsity of a representation not made with the expectation that it would be acted upon, if he subsequently learns that the other is about to act in reliance upon it in a transaction with him; and

(e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.

Kohl argues that the elements of § 551(a) are not alleged by Lader's and, therefore, there was no duty by Kohl to disclose his agreement with Green Rock. Because there was no duty to disclose, his failure to disclose would not be a false representation.

It is unnecessary to determine whether the present case fits within § 551 Restatement of *Torts* (Second) and Wisconsin real estate cases applying that section because the present case involves personal property. Therefore, the U.C.C. may be applied. Wis.Stats. § 402.312 states in pertinent part:

*402.312 Warranty of title and against infringements; buyer's obligation against infringement.*

(1) Subject to sub. (2) there is in a contract for sale a warranty by the seller that:

---

1. Wisconsin has adopted this section of the U.C.C. in Wis.Stats. § 402.312(1)(b).

(a) The title conveyed shall be good, and its transfer rightful; and

(b) The goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.

(2) A warranty under sub. (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.

There is no dispute that Kohl sold his crops to Lader's and was paid for them. Crops are goods as defined in Wis.Stats. § 402.-105(1); Kohl is a seller within the definition in Wis.Stats. § 402.103(1)(d); and the agreement to sell is a contract for sale as defined in Wis.Stats. § 402.106(1). Each of its elements having been demonstrated, Wis. Stats. § 402.312 applies to the facts of this case.

Wisconsin's statutory law creates a warranty that goods are delivered free of any security interest or encumbrance of which the buyer at the time of contracting has no knowledge. There is no need to make an express warranty to that effect because "[s]uch express warranty is redundant, a warranty of title being implied from the contract to sell." *Taunton v. Allenberg Cotton Co., Inc.*, 378 F.Supp. 34, 15 U.C.C. 311, 322 (M.D.Ga.1973). Wis.Stats. § 402.-312 states that the warranty applies unless excluded or modified by specific language or circumstances. No modifying language or circumstances have been alleged, therefore, Kohl's silence warranted his crops were free of any security interest or lien as a matter of law. If the crops were not free from a security interest, lien or encumbrance, the warranty under Wis.Stats. § 402.312(1)(b) was not true and Kohl's silence was a false statement.

Summary judgment under F.R.C.P. 56 may only be granted when there is not an issue as to any material fact. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1922). In this case there is a dispute regarding material facts: (1) whether an agreement existed between Kohl and Green Rock regarding the proceeds from the sale of his crops and (2) whether Green Rock had an enforceable interest in the proceeds from Kohl's crops. These facts are required in order to determine whether Kohl made a false representation, the first element required in order to commit a fraud, false representation or false pretense pursuant to 11 U.S.C. § 523(a)(2)(A). Kohl's motion for summary judgment, therefore, must be denied.