A89A0201. HOGAN v. PEARSON et al.
(380 SE2d 82)

BANKE, Presiding Judge.

The appellees brought this action to recover damages for the loss of an automobile which they purchased from appellant Hogan but which was later repossessed from them by the owner of an outstanding security interest. Hogan appeals the grant of the appellees' motion for summary judgment.

Hogan had purchased the vehicle from Clark, a used car dealer, on January 2, 1986. Although Clark had assured Hogan that he would satisfy the outstanding security interest on the vehicle from the proceeds of the sale, he failed to do so, and Hogan never received a certificate of title. Hogan refurbished the vehicle and thereafter contracted to sell it to appellee Franklin for $6,500, agreeing to pay Clark a percentage of the sale proceeds as compensation for preparing the necessary paperwork. On March 27, 1986, Franklin and her mother, appellee Pearson, consummated the transaction, receiving at that time a bill of sale which identified Hogan as the seller. In July of 1986, the automobile was repossessed by a Florida bank which held a security interest in it. Clark paid the appellees $2,995 towards their loss, and the appellees subsequently instituted this lawsuit against Hogan, Clark, and Clark's dealership to recover the remaining balance. Hogan denied liability, asserting that a personal relationship had developed between Franklin and Clark after the sale and that it could be inferred from the existence of this relationship that the two had conspired to defraud him. Hogan further asserted that his signature on the bill of sale was a forgery. *Held*:

1. The appellant relies on *Grainger v. Jackson*, 122 Ga. App. 123 (176 SE2d 279) (1970), to support his contention that a factual dispute exists as to whether Franklin and Clark conspired to defraud him. In that case, we indicated that, under appropriate circumstances, fraud could be inferred based on the relation of the parties. However, the alleged conspirators in the present case did not meet until *after* the terms of the transaction had been fully negotiated and agreed upon. Under the circumstances, we find no evidentiary support

whatever for the fraud allegations.

2. We similarly find no evidentiary support for Hogan's contention that his signature on the bill of sale was a forgery. Franklin testified during her deposition that she had personally witnessed Hogan sign the bill of sale on the day she delivered her check for $6,500. For his part, Hogan did not deny signing the document but merely testified that the signature did not look like his and that he could not remember signing it. Even construing the evidence against the appellees, as movants, we conclude that Hogan's equivocal testimony concerning the authenticity of his signature was ineffective under the circumstances to raise a genuine issue of fact as to whether he had signed the bill of sale. Accord *Chandler v. Gately*, 119 Ga. App. 513, 514 (167 SE2d 697) (1969). Compare *Virgil v. Kapplin*, 187 Ga. App. 206 (369 SE2d 808) (1988). Furthermore, since Hogan has not denied selling the vehicle to the appellees, it is not apparent why his alleged failure to sign the bill of sale would be of any relevance to the appellees' claims against him.

3. The record shows that at the time Franklin agreed to purchase the vehicle from Hogan, he told her that the certificate of title was "on its way." Hogan does not contend that the appellees were aware that the vehicle was encumbered by a security interest, nor is there any evidence which would support such a contention. For this reason, and for the reasons previously stated, we hold that the trial court did not err in granting the appellees' motion for summary judgment. See *Christopher v. McGehee*, 124 Ga. App. 310 (183 SE2d 624) (1971).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 15, 1989.

*Alan Mullinax*, for appellant.
*David L. Holbrook*, for appellees.