A89A1782. BURKE COUNTY DIALYSIS CENTER, INC. et al.
v. WALTERS.
(391 SE2d 33)

BEASLEY, Judge.

Burke County Dialysis Center, Inc., and Morris, one of its founders, appeal the grant of summary judgment to Walters, who was the other founder of the company. Walters sued the Center and Morris on a promissory note which was allegedly part of the consideration for the Center and Morris to buy out Walters' interest. Attorneys for all parties were present at the transaction.

Attached to the complaint was a copy of the promissory note, which bore two sets of handwritten initials "FAM III" in the margin and only the first initial of a signature, "F," on the maker's signature

line. Morris' full name is F. Antonio Morris. The guaranty signature line is blank. Requests for admission to defendant Morris alone brought his denials as to the genuineness of the note and of his signature on it.

At deposition, Morris acknowledged that the signature on the fully signed Stock Repurchase and Release Agreement tendered at the deposition was his but said he did not recognize the note document, which also had full signatures. When directed to its second and third pages, which showed signatures by Morris as corporate representative and guarantor respectively, he admitted these were his signatures but added that he did not remember signing the note.

Walters' affidavit with the Motion for Summary Judgment stated that Morris signed both the note and the guaranty in his presence. The affidavit of attorney Belk, who represented Walters and his corporation in the negotiations, stated that he and the other attorneys were present "when Exhibit 'A,' the promissory note in the amount of Forty-five thousand and no/100 ($45,000) was signed by F. Antonio Morris, III as President of Burke County Dialysis Center, Inc. to Ted Walters with the personal guarantee dated June 9, 1986, signed by F. Antonio Morris, III; . . ."

In opposition, Morris' affidavit stated that although the promissory note "purported to have my signature affixed as obligor[,] I have no independent recollection of ever having signed such a promissory note and do not believe that I signed the [fully signed] document which was shown to me." He acknowledged that the handwritten "F" on the signature line of the initialled note was his and stated that he had stopped writing because he did not intend to sign that document.

Morris and the Center contend that a factual issue was created as to whether or not Morris signed the note and guarantee and that there was a question as to the "number" of notes. There is no issue concerning the number of notes. The Repurchase Agreement states that it had appended to it the note as Exhibit A and that the agreement was executed in two counterparts, each of which constituted an original. His initial was on one and his full signatures were on the other.

As to Morris' signatures on the note and guarantee, he deposed that they were his, but he did not remember signing them, later stating he did not believe he signed them.

Under these circumstances, no dispute of fact was created. Morris never unequivocally denied having signed the documents; he only says he does not remember and he does not "believe" he did. See *Gentile v. Miller, &c., Inc.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). Compare *Hogan v. Pearson*, 190 Ga. App. 787, 788 (2) (380 SE2d 82) (1989) with *Virgil v. Kapplin*, 187 Ga. App. 206, 207 (1)

(369 SE2d 808) (1988).

Morris and the Center also argue that the note and guaranty were never properly authenticated, creating an issue of fact, because there was no affidavit from Richardson, the subscribing witness to Morris' signatures. OCGA § 24-7-4. Richardson's absence was explained by Morris' own testimony. He had since moved to Ohio, thus becoming unavailable and allowing for proof of authenticity by circumstantial evidence. OCGA § 24-7-4 (2); *Campbell v. Sims*, 161 Ga. 517, 521 (5) (131 SE 483) (1925); *Kohlmeyer & Co. v. Bowen*, 126 Ga. App. 700, 706 (2) (192 SE2d 400) (1972).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990.

*William H. Lumpkin*, for appellants.
*John P. Claeys*, for appellee.